# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TIMOTHY CRAVEN,**

        **Plaintiff,**

**-vs-**                                                      **Case No.  6:08-cv-80-Orl-19GJK**

**STATE OF FLORIDA, CHARLIE CRIST,
JOHN AND JANE DOES, ORANGE
COUNTY, FLORIDA, M.D. EDWIN S. PONT,
JOHN AND JANE DOES OF ORANGE
COUNTY, LAKESIDE BEHAVIORAL
HEALTHCARE, INC.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:  APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 18)**
>
> **FILED:  May 23, 2008**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Plaintiff's Complaint be **DISMISSED**.

    On January 16, 2008, *pro se* Plaintiff Timothy Craven ("Craven") instituted this action by filing his Complaint ("Complaint"). Doc. No. 1. After reviewing Craven's Complaint, this Court recommended that the Complaint be dismissed as frivolous.  Doc. No. 11.  On May 8, 2008, the Honorable Patricia C.

Fawsett adopted this Court's Report and Recommendation and provided Craven ten (10) days to file an amended complaint. Doc. No. 16. On May 23, 2008, Craven timely filed an Amended Complaint. Doc. No. 17. Presently before the Court is his Application to Proceed Without Prepayment of Fees and Affidavit ("Motion to Proceed *In Forma Pauperis*"). Doc. No. 18.

**I.     THE LAW**

    **A.     The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief
>             may be granted; or
>         (iii) seeks monetary relief against a
>             defendant who is immune from
>             such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets,

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

*Clark*, 915 F.2d at 639.  A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  *Id.*

        1.      <u>Frivolous Factual Allegations</u>

Factual allegations are frivolous for the purpose of Section 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)).  The district court may dismiss even meritorious legal theories under Section 1915 if the factual allegations in the complaint are "clearly baseless."  *Denton*, 504 U.S. at 32 - 33.  "Fantastic" or "delusional" allegations are examples of clearly baseless allegations.  *Id*.  Factual allegations in a complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint.  *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless."  For example, a district court may properly dismiss a complaint under 42 U.S.C. § 1983 as frivolous pursuant to Section 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants.  *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under Section 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer.  *Phillips*, 746 F.2d at 785.  This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain

from filing them. *Phillips*, 746 F.2d at 785 (*citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990).[4] If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785. Thus, in the circumstances described above, when the factual basis for the claim is clearly baseless, the court may grant dismissal under Section 1915.

### 2. Frivolous Legal Theories

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under Section 1915 on grounds of frivolousness even if the complaint states a claim for relief.[5] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453,

---

[4] To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129.

[5] The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515

463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326-29 (Rule 12 (b)(6) and former Section 1915(d) serve distinctive goals).

For example, a Section 1915 dismissal may be appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. The absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which may justify dismissal of a claim as frivolous. *See Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846, 850-51 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is another affirmative defense which may warrant a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof,

---

(11th Cir. 1991).

a dismissal under Section 1915 might be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a Section 1915 dismissal. It is also possible that the district court may use Section 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324. Thus, if the legal theory advanced is indisputably meritless for the foregoing reasons, the court may grant dismissal under Section 1915.

## II.     APPLICATION

Craven is suing the State of Florida; Charlie Crist, individually, and in his official capacity as the Governor of Florida; John and Jane Does as employees of the State of Florida; Orange County, Florida; M.D. Edwin S. Pont, individually, and in his official capacity as Medical Director of the Orange County Corrections Division; John and Jane Does of Orange County as employees of Orange County, Florida; Lakeside Behavioral Healthcare, Inc.; and John and Jane Doe Employees of Lakeside Behavioral Healthcare, Inc. Craven's Complaint is a classic shot-gun pleading. Craven lists in excess of one hundred (100) causes of action, which include the following:

> civil conspiracy, legal malpractice, First Amendment violations, perjury, slander, civil rights violations, assault, battery, excessive force, false arrest, defamation of character, false report, malicious prosecution, abuse of process, Fifth Amendment violations, judicial misconduct, sexual harassment, Eight Amendment violations, deliberate indifference, medical malpractice, Fourteenth Amendment violations, malfeasance of a government function, racketeering, corruption, medical negligence, intentional infliction of emotion distress, depraved indifference, and oppression under color of law.

Doc. No. 17 at 10-15. Craven's Complaint is replete with fantastic and/or delusional allegations. Craven states: "This is a case of outrageous conduct and betraying all bounds of human decency in order to

-7-

Psychologically rage a psychological rape victim in the name of sadism and greed." *Id.* at 2-3. He alleges that the purpose of the "Mankota Appropriations Act" was to "conduct psychological warfare against the Plaintiff in order to get him to divulge vulnerabilities created by the government in their quest to collectively take him for a ride and strip him of everything, including his pride."[6] *Id.* at 3. Further, he states "the Federal government conspired with the media regarding the act and they deliberately taunted and harassed the Plaintiff at every opportunity." *Id.* at 8.

Craven's Complaint fails to meet the rudimentary pleading requirements set forth in the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 8(a), Craven's Complaint "must contain a short and plain statement of the grounds for the court's jurisdiction . . .; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought . . ." Fed. R. Civ. P. 8(a) (2007). Craven has not established that this Court has jurisdiction to entertain his voluminous claims nor that he is entitled to any relief. The Complaint is comprised of nothing more than conclusory allegations which lack factual support.

The thrust of Craven's Complaint alleges that a conspiracy was entered into by essentially all persons and entities he has come in contact with. "The elements of a Section 1983 conspiracy claim are: 1) an agreement between two or more state actors or a state actor and a private entity; 2) to act in concert to inflict an unconstitutional injury; and 3) an overt act done in furtherance of that goal, and causing some harm." *Peres v. Oceanside Union Free Sch. Dist.*, 426 F. Supp.2d 15, 24 (E.D.N.Y. 2006) (citing *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)). Furthermore, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive

---

[6] The United States Code reveals that Congress has never passed the Mankota Appropriations Act.

the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello*, 292 F.3d at 325 (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993). Craven uses the term "conspiracy" loosely throughout his Complaint without providing any factual support that a conspiracy was actually entered into by the various named parties. His claim lacks any supporting factual allegations. Because Craven's claims of conspiracy are conclusory, vague, and generally alleged, his Complaint should be dismissed.

Finally, Craven's Complaint should be dismissed for frivolity. Taken as a whole, the allegations in the Complaint are both fantastic and delusional. The Complaint is completely comprised of conclusory allegations without any factual support. Craven delineates more than twenty legal theories in conclusory fashion, but fails to allege their elements or facts to support their viability. Craven's Complaint is patently frivolous and warrants dismissal.

Accordingly, it is

RECOMMENDED that Craven's Application to Proceed *In Forma Pauperis* be denied. It is further RECOMMENDED that the Complaint be dismissed as frivolous.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 3, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Unrepresented Party